IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **LEROY NELSON, # 46172-177,** | § | |
| Movant, | § | |
| | § | |
| v. | § | Civil No. 3:17-CV-1003-L-BK |
| | § | (Criminal No. 3:13-CR-0134-L-1) |
| **UNITED STATES OF AMERICA** | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the United States Magistrate Judge. Upon review of the relevant pleadings and applicable law, and for the reasons that follow, the motion should be summarily **DISMISSED WITH PREJUDICE** as time-barred.

**I.   BACKGROUND**

For nearly a decade, Movant defrauded insurance companies by submitting fraudulent claims for equipment that he claimed was damaged in accidents that were staged. In 2014, he pleaded guilty to mail fraud, in violation of 18 U.S.C. § 1341, and engaging in illegal monetary transactions, in violation of 18 U.S.C. § 1957. Crim. Doc. 26. He was sentenced to a prison term of 108 months and ordered to pay $4,973,046.96 in restitution—that judgment was entered on January 7, 2015. Crim. Doc. 77.

Movant did not file a direct appeal. On December 8, 2015, he filed a "formal request" to be advised of each and every victim the Court included in the calculation of its restitution order. Crim. Doc. 91. And, on December 28, 2015, he filed a related motion for an evidentiary hearing to "[e]xamine [d]iscrepancies in regard to the RESTITUTION in this case." Crim. Doc. 92 at 3.

He claimed that the Court's restitution order exceeded the true number of victims and overestimated the actual losses that he caused. Crim. Doc. 92 at 4. The Government responded to these filings, arguing that the Court lacked jurisdiction to alter the restitution award or forfeiture order and that Movant's requests were outside of the scope of a § 2255 motion. Crim. Doc. 94 at 4-8. Movant replied that his requests for relief were "[n]ot fashioned to be or be mistaken to be that of a [§] 2255 [motion]," and that any suggestion that they could be so construed was "irrelevant" and "evasive." Crim. Doc. 95 at 6. The Court denied relief because, even if Movant's claims were liberally construed, they were not cognizable under § 2255. Crim. Doc. 100 at 2.

On April 4, 2017, Movant filed the § 2255 motion at issue here. Doc. 1. The Court ordered Movant to show cause why his motion should not be dismissed as time-barred. Doc. 3. Movant responded that one of his previously-filed motions—namely, the motion requesting an evidentiary hearing to examine the discrepancies regarding the Court's restitution order (Crim. Doc. 92)—should have been construed as a timely § 2255 motion, meaning that his current § 2255 motion was timely. Doc. 4 at 3-6. He also argued that he was entitled to equitable tolling. Doc. 4 at 3.

## II.     ANALYSIS

"[Section] 2255 establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 356 (2005). It states:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Movant makes no allegation that could trigger a starting date under subsections 2255(f)(2), (3), or (4). Accordingly, § 2255(f)(1) applies here, and Movant's one year began to run from the date on which his judgment of conviction became final. Movant did not file a direct appeal. His conviction thus became final on January 21, 2015—the date on which his time to file a direct appeal expired. *See Clay v. United States*, 537 U.S. 522, 525 (2003) (holding that a judgment becomes final when the time expires to seek direct review of the conviction); *see also* Fed. R. App. P. 4(b)(1)(A)(i) (providing 14 days to appeal a criminal judgment). Movant had one year from that date—or until January 21, 2016—to timely file his § 2255 motion. His motion, filed April 4, 2017, is untimely.

Movant argues that his motion for an evidentiary hearing regarding restitution was, in fact, a § 2255 motion (Doc. 1 at 11), and, therefore, the claims presented for the first time in the instant § 2255 motion are timely. Doc. 4 at 3-6. Movant's argument is unpersuasive. His motion for an evidentiary hearing regarding restitution was not a § 2255 motion, nor did he intend it to be. Indeed, Movant made clear—in reply to the Government's argument that his

3

claim was not cognizable under § 2255—that his motion was not to be construed as § 2255 motion. Crim. Doc. 92 at 6 ("The Government specified that [Movant's] Motion could be [c]onstrued as a [§] 2255 petition. Once again the [Movant's] Motion for an Evidentiary Hearing of Restitution is Pro Se, -But (sic) is [n]ot fashioned to be or be mistaken to be that of a [§] 2255 petition."). Consistent with Movant's characterization, and because Movant sought relief outside the scope of a § 2255 motion, that motion was never construed as a § 2255 motion. Crim. Doc. 100 at 2. Therefore, the filing of that motion does not make this § 2255 motion timely.

Nor is Movant entitled to equitable tolling. To warrant equitable tolling, Movant must show that: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way to prevent his timely filing. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). Movant claims that he was hospitalized, which required him to be separated from his legal materials and gave him very little time to prepare a § 2255 motion. Doc. 4 at 3. But Movant does not say how long he was at the hospital, or how long he was unable to access his legal materials. *Cf. Fisher v. Johnson*, 174 F.3d 710, 715-16 (5th Cir. 1999) ("a brief period of incapacity during a one-year statute of limitations, even though rare, does not necessarily warrant equitable tolling"). Moreover, his claim is belied by the fact that he did file two motions by December 2015—before his statute of limitations under § 2255 expired—and his assertion that one of those motions was supposed to be a § 2255 motion. He has thus failed to carry his burden to show an extraordinary circumstance prevented him from timely filing his § 2255 motion, and the statute of limitations should not be equitably tolled.

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the § 2255 motion be **DISMISSED WITH PREJUDICE** as time-barred.

**SIGNED**, August 16, 2017.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *modified by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE